HANNAH BRYANT, APPELLEE, v. MODERN WOODMEN OF AMERICA, APPELLANT.

MODERN WOODMEN OF AMERICA, APPELLANT, v. HANNAH STREIT (NEE BRYANT), APPELLEE.

FILED SEPTEMBER 26, 1913. Nos. 17,231, 17,988.

1. Pleading: INCONSISTENT ALLEGATIONS. If a pleader makes inconsistent allegations in a pleading, he is bound by those that are most favorable to the case of his opponent.

2. Appeal: BRIEFS. In a civil case, when no brief is filed which separately states and numbers the points relied upon, with the citations of authorities relied upon under each point, respectively, and designating "the several pages of the record containing matter bearing upon the questions discussed in such brief," and in other respects complying with rule 9 of this court, the court will not ordinarily, for the purpose of reversing a decision of the trial court, look for matters in the record not briefed as the rule requires.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. Affirmed.

*B. D. Smith, W. E. Reed* and *T. S. Allen,* for appellant.

*William V. Allen* and *William Dowling, contra.*

SEDGWICK, J.

This defendant, formerly Hannah Bryant, brought her action in that name in the district court for Madison county against this plaintiff upon a certificate of membership and fraternal insurance, upon the life of her former husband, Ellard E. Bryant. She recovered a judgment in that action, which upon appeal to this court was reversed and the causes remanded for another trial. *Bryant v. Modern Woodmen of America,* 86 Neb. 372. Upon another trial in the district court she again recovered a judgment from which the defendant in that action appealed to this court. Afterwards, the company brought this action in the district court for Madison county to obtain a new trial of the former action under section 602 of the code. The district court found against the company and entered a decree dismissing the action for a new trial. From this decree the company appealed to this court, and upon motion the two cases were consolidated and were submitted together.

In the brief of the appellant it is said: "We have assumed that the only issue here is whether or not the appellant is entitled to a new trial. * * * For that reason we have not discussed the evidence in the original case." The brief then states in a general way some reasons for supposing that the judgment in the original case is erroneous. These reasons are derived entirely from the supposed evidence in the case, and no reference is made in the brief to any part of the record supposed to disclose errors requiring a reversal. In this condition of these records, and the submission of the cases, there is no question presented to this court, except the sufficiency of the evidence to support the decree of the district court in refusing the new trial.

The ground relied upon for a new trial is that through the neglect of the official reporter of the district court, and without any fault on the part of the defendant company in the original case, the company was unable to obtain a transcript of the evidence in the original case and procure a settlement of a bill of exceptions. It appears that when the transcript of the evidence was delivered by the official reporter to the attorneys for the company, some 10 or 20 days before the expiration of the time for serving the bill of exceptions, the application for membership and the certificate of membership which had been offered in evidence at the trial were not incorporated in the transcript, nor attached thereto, and it is insisted that counsel were unable to obtain these documents in time to settle the bill of exceptions, and for that reason no bill of exceptions was ever properly settled and allowed.

Upon examination of the pleadings in the original case, we find that the petition sets forth in full the application for membership and the certificate of membership. The amended answer admits that these are the application and certificate in the following words: "The defendant admits that on or about the 16th day of January, 1907, one Ellard E. Bryant, mentioned in plaintiff's petition, then a resident of Madison, Nebraska, made and executed an application for membership in the defendant society, and to Box Elder Camp No. 485, a subordinate lodge of this defendant, located at said Madison, Nebraska (a copy of which said application is referred to in plaintiff's petition as 'Exhibit A' and incorporated therein and made a part thereof), and that in pursuance of said application this defendant did on the 28th day of January, 1907, issue to the said Ellard E. Bryant benefit certificate No. 1,346,629, a copy of which said certificate is set forth in plaintiff's petition."

The company now insists that the application and certificate are not correctly and fully set out in the petition in the original case; and that therefore it was necessary to introduce them in evidence, which was done, and that

if they were properly preserved and presented in a bill of exceptions they would show important representations of the insured which were false and vitiated the insurance.

If a pleader makes inconsistent allegations in a pleading, he is bound by those that are most favorable to the case of his opponent. When a contract is incorporated in the petition in a case and is admitted by the answer to be the contract between the parties, neither party will be allowed to prove or contend that the contract was other or different than as so solemnly agreed upon in the issues. No attempt was made to withdraw the admission or to change the answer in that regard. The application and certificate, then, were wholly unnecessary as proof of the contract between the parties, which was fully established by the pleadings themselves. It is not contended that these documents were material for any other purpose. These papers, then, would be of no assistance to the court if incorporated in the bill of exceptions. Moreover, these papers, being fully established by the pleadings, could have been supplied from the pleadings themselves if thought to be necessary in settling the bill of exceptions. The company, therefore, has suffered no "unavoidable casualty or misfortune preventing the party from prosecuting or defending."

The trial court was right in refusing a new trial; and, no error being shown in the original case, the judgment and decree in these cases are

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.